**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **CHAVA RACHEL MARK, et al.**, |
| Plaintiffs, |
| v. |
| **THE ISLAMIC REPUBLIC OF IRAN**, |
| Defendant. |

Case No. 1:20-cv-0651 (TNM)

## <u>MEMORANDUM ORDER</u>

Before the Court is the Plaintiff's Motion for Default Judgment, ECF No. 22. Because the motion has not been fully briefed, the Court denies it without prejudice and orders Plaintiffs to file a new motion and memorandum of points and authorities.

\*      \*      \*

This case arises out of tragic events. In the summer of 2016, Rabbi Michael Mark and his family were driving on a highway outside the city of Hebron in the West Bank. Chava Dec. 8. Hamas terrorists allegedly attacked the Mark family in a car-to-car shooting, killing Rabbi Mark and wounding his wife and two children. *Id.*; Brabbing Dec. 14.

The Mark family brought this civil suit against the Islamic Republic of Iran, alleging Iran provided material support for Hamas, indirectly causing the attack on Rabbi Mark. *See* Compl., ECF No. 1. Ordinarily, foreign sovereigns are immune from civil suits. 28 U.S.C. § 1604 ("[A] foreign state shall be immune from the jurisdiction of the courts of the United States . . . ."). But the Foreign Sovereign Immunities Act (FSIA) limits that immunity in certain circumstances, providing "the sole means for suing a foreign sovereign in the courts of the United States."

*Owens v. Republic of Sudan*, 846 F.3d 751, 763 (D.C. Cir. 2017).  As relevant here, the FSIA authorizes suit against a foreign state for:

> personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

28 U.S.C. § 1605A(a)(1).  Where a plaintiff satisfies the so-called "terrorism exception," the Court has subject matter jurisdiction over her claim.  *See* 28 U.S.C. § 1330(a) ("The district courts shall have original jurisdiction . . . of any nonjury civil action against a foreign state . . . as to any claim . . . with respect to which the foreign state is not entitled to immunity . . . .").

Here, Plaintiffs offer extensive factual and legal argument to show they have satisfied the terrorism exception's requirements.  *See generally*, ECF No. 26-2, at 5–19.  In their view, meeting those requirements also means they are entitled to relief.  *See id.* at 19–20 ("[A] plaintiff that offers proof sufficient to establish a waiver of foreign sovereign immunity under § 1605A(a) has also established entitlement to relief as a matter of federal law." (quoting *Fritz v. Islamic Repub. of Iran*, 320 F. Supp. 3d 48, 86 (D.D.C. 2018)).  The Court disagrees.

Although the FSIA provides a private cause of action, it does not "provide the substantive basis for plaintiffs' claims."  *Ewan v. Islamic Repub. of Iran*, 466 F. Supp. 3d 236, 245 (D.D.C. 2020).  That is, claims based on the FSIA are "federal questions," but this does not "authorize the federal courts to fashion a complete body of federal law."  *Bettis v. Islamic Repub. of Iran*, 315 F.3d 325, 333 (D.C. Cir. 2003).  Plaintiffs need to "prove a theory of liability which justifies holding the defendants culpable for the injuries that the plaintiffs allege to have suffered."  *Oveissi v. Islamic Repub. of Iran*, 879 F. Supp. 2d 44, 53–54 (D.D.C. 2012) (cleaned up).  In doing so, the Circuit has advised litigants to "rely on well-established statements of common law, found in state

reporters, the Restatement of Torts, and other respected treatises, in determining damages under § 1605A(c)." *Fraenkel v. Islamic Repub. of Iran, et al.*, 892 F.3d 348, 353 (D.C. Cir. 2018).

Plaintiffs have not briefed any "theory of liability" here.  That's not to criticize Plaintiffs or their counsel—there appears to be a divergence of opinion in this district as to whether a plaintiff must plead a "theory of liability" beyond the requirements in Section 1605A.  But without more, the Court cannot grant the Motion for Default Judgment.

\*   \*   \*

For all these reasons, the motion is DENIED without prejudice.  On or before May 4, 2022, Plaintiffs must file a new motion and brief in support, laying out the substantive "theory of liability which justifies holding the defendant[] culpable." *Oveissi*, 879 F. Supp. 2d at 53–54.  For the sake of efficiency, the Plaintiffs may incorporate by reference the previously filed factual exhibits and expert reports.

**SO ORDERED**.


Dated: April 4, 2022                                 TREVOR N. McFADDEN, U.S.D.J.